**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ENVIRONMENTAL SAFETY INTERNATIONAL, INC., a New Jersey corporation, also d/b/a Environmental Products International, Inc., and EPI,<br><br>JOSEPH CARNEY, individually and as an officer of Environmental Safety International, Inc.,<br><br>SEAN CARNEY, individually and as an officer of Environmental Safety International, Inc., and<br><br>RAYMOND CARNEY, individually and as an officer of Carbro Sales & Survey, L.L.C.,<br><br>　　　　　Defendants. | Case No. 2:21-cv-13350-MCA-LDW<br><br>STIPULATED ORDER FOR PERMANENT INJUNCTION AND CIVIL PENALTY JUDGMENT AGAINST RAYMOND CARNEY |

Plaintiff, the United States of America, acting upon notification and authorization to the Attorney General by the Federal Trade Commission ("Commission" or "FTC"), filed its Complaint for Permanent Injunction and Civil Penalties ("Complaint") pursuant to Sections 5(a), 5(m)(1)(A), 13(b), 16(a), and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 45(a), 45(m)(1)(A), 53(b), 56(a), and 57b, and Section 6 of the Telemarketing and Consumer Fraud and Abuse Prevention Act (the "Telemarketing Act"), 15 U.S.C. § 6105.   Defendant Raymond Carney has waived service of the summons and the Complaint.   Plaintiff and Defendant Raymond Carney stipulate to the entry of this Stipulated Order for Permanent

Injunction and Civil Penalty Judgment Against Raymond Carney ("Order") to resolve all matters in dispute in this action between them.

THEREFORE, IT IS ORDERED as follows:

## **FINDINGS**

1. This Court has jurisdiction over this matter.

2. The Complaint alleges that Defendants engaged in or assisted and facilitated engaging in acts or practices in violation of the FTC's Telemarketing Sales Rule ("TSR"), as amended, 16 C.F.R. Part 310, by initiating or causing others to initiate, in connection with Telemarketing, (a) telephone calls to telephone numbers listed on the National Do Not Call Registry; (b) telephone calls that delivered a prerecorded message; (c) telephone calls to persons who previously have stated that they do not wish to receive a call; and (d) outbound telephone calls that fail to properly disclose the identity of the seller and that the purpose of the call is to sell goods or services. The Complaint also alleges that Defendants participated in deceptive practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45, to induce payment for septic tank cleaning products.

3. Defendant Raymond Carney neither admits nor denies any of the allegations in the Complaint, except as specifically stated in this Order. Only for purposes of this action, Defendant Raymond Carney admits the facts necessary to establish jurisdiction.

4. Defendant Raymond Carney waives any claim that he may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agrees to bear his own costs and attorney fees.

5. Defendant Raymond Carney waives all rights to appeal or otherwise challenge or

contest the validity of this Order.

## DEFINITIONS

For the purpose of this Order, the following definitions apply:

A. **"Defendants"** means all of the Individual Defendants and the Corporate Defendant, individually, collectively, or in any combination.

B. **"Corporate Defendant"** means Environmental Safety International, Inc., also d/b/a Environmental Products International, Inc., and EPI, and its successors and assigns.

C. **"Individual Defendants"** means Joseph Carney, Sean Carney, and Raymond Carney.

D. **"National Do Not Call Registry"** means the "do-not-call" registry of telephone numbers maintained by the FTC pursuant to 16 C.F.R. § 310.4(b)(1)(iii)(B).

E. **"Telemarketing"** means any plan, program, or campaign which is conducted to induce the purchase of goods or services or a charitable contribution, by use of one or more telephones, and which involves more than one interstate telephone call, whether or not covered by the Telemarketing Sales Rule.

## ORDER

### I.     BAN ON CERTAIN TELEPHONE CALLS

IT IS ORDERED that Defendant Raymond Carney, whether acting directly or through an intermediary, is permanently restrained and enjoined from:

A. Engaging in, assisting others, or causing others to engage in Telemarketing, which includes, without limitation, using or providing others with access to automated dialing systems, providing others with Caller ID numbers, and providing others with data lists containing

consumer information;

  B. Initiating, causing others to initiate, or assisting others in initiating any telephone call to consumers (i) to provide information about septic systems or septic products, (ii) to solicit information from consumers about their septic systems or use of septic products, or (iii) whose telephone numbers are listed on the National Do Not Call Registry;

  C. Initiating, causing others to initiate, or assisting others in initiating any telephone call that plays or delivers a prerecorded message;

  D. Initiating, causing others to initiate, or assisting others in initiating any telephone call to any person who previously has stated that he or she does not wish to receive a call made by or on behalf of the Defendants; and

  E. Holding any ownership interest, share, or stock in any business that engages in any of the acts or practices listed in paragraphs A-D of this Section.

*Provided however*, that it is not a violation of the Order for Raymond Carney to own a non-controlling stock interest in a publicly traded company that engages in conduct banned in Section I.

*Provided further,* that this Section does not prohibit Raymond Carney, individually (including as an employee of another person or legal entity) or through any business he owns or operates, from initiating any Manually Dialed Call when such a call is not part of a plan, program, or campaign which is conducted to induce the purchase of goods or services or a charitable contribution through a telephone call and is only incidental to the business. For purposes of this provision, "Manually Dialed Call" means a telephone call that is dialed by an individual who manually selects the telephone number to be called without the assistance of an automated dialer

or similar device and without the use of any prerecorded message.

## II. MONETARY JUDGMENT FOR CIVIL PENALTY AND PARTIAL SUSPENSION

IT IS FURTHER ORDERED that:

A.  Judgment in the amount of Ten Million Two Hundred Three Thousand Seven Hundred Eighty-Four Dollars and Thirty Cents ($10,203,784.30) is entered in favor of Plaintiff against Raymond Carney as a civil penalty.

B.  Raymond Carney is ordered to pay to Plaintiff, by making payment to the Treasurer of the United States, Fifteen Thousand Dollars ($15,000). Such payment must be made within 7 days of entry of this Order by electronic fund transfer in accordance with instructions previously provided by a representative of Plaintiff. Upon such payment, the remainder of the judgment is suspended, subject to the Subsections below.

C.  The Commission's and Plaintiff's agreement to the suspension of part of the judgment is expressly premised upon the truthfulness, accuracy, and completeness of Raymond Carney's sworn financial statements and related documents (collectively, "Financial Representations") submitted to the Commission, namely:

1.  the Financial Statement of Raymond Carney provided to the FTC on December 9, 2020; and

2.  the Declaration of Raymond Carney, executed March 16, 2021, including the attachments.

D.  The suspension of the judgment will be lifted as to Raymond Carney if, upon motion by the Commission or Plaintiff, the Court finds that Raymond Carney failed to disclose any material asset, materially misstated the value of any asset, or made any other material

misstatement or omission in the Financial Representations identified above.

   E.  If the suspension of the judgment is lifted, the judgment becomes immediately due as to Raymond Carney in the amount specified in Subsection A above (which the parties stipulate only for purposes of this Section represents the amount of the civil penalty for the violations alleged in the Complaint, less any payment previously made pursuant to this Section), plus interest computed from the date of entry of this Order.

### III. ADDITIONAL MONETARY PROVISIONS

   A.  Defendant Raymond Carney relinquishes dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

   B.  The facts alleged in the Complaint will be taken as true as to Raymond Carney, without further proof, in any subsequent civil litigation by or on behalf of the Commission, including in a proceeding to enforce its rights to any payment or monetary judgment pursuant to this Order.

   C.  Defendant Raymond Carney agrees that the civil penalty judgment represents a civil penalty owed to the government of the United States, is not compensation for actual pecuniary loss, and, therefore, as to Raymond Carney, it is not subject to discharge under the Bankruptcy Code pursuant to 11 U.S.C. § 523(a)(7).

   D.  Defendant Raymond Carney acknowledges that his Taxpayer Identification Numbers (Social Security Number), which he has previously submitted to the Commission, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. § 7701.

## IV. CUSTOMER INFORMATION

IT IS FURTHER ORDERED that Defendant Raymond Carney, his agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are permanently restrained and enjoined from directly or indirectly:

A. disclosing, using, or benefitting from customer information, including the name, address, telephone number, email address, Social Security Number, other identifying information, or any data that enables access to a customer's account (including a credit card, bank account, or other financial account), that any Defendant obtained prior to entry of this Order; and

B. failing to destroy such customer information in all forms in their possession, custody, or control within 30 days after receipt of written direction to do so from a representative of the Commission.

Provided, however, that customer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by law, regulation, or court order.

## V. ORDER ACKNOWLEDGMENTS

IT IS FURTHER ORDERED that Raymond Carney obtain acknowledgments of receipt of this Order:

A. Raymond Carney, within 7 days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B. For 5 years after entry of this Order, Raymond Carney, for any business that he, individually or collectively with any other Defendants, is the majority owner or controls directly

7

or indirectly, must deliver a copy of this Order to: (1) all principals, officers, directors, and LLC managers and members; (2) all employees having managerial responsibilities for conduct related to the subject matter of the Order and all agents and representatives who participate in conduct related to the subject matter of the Order; (3) all companies providing telephone or VoIP services to that business; and (4) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting.  Delivery must occur within 7 days of entry of this Order for current personnel.  For all others, delivery must occur before they assume their responsibilities.

      C.     From each individual or entity to which Raymond Carney delivered a copy of this Order, he must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## VI.  COMPLIANCE REPORTING

IT IS FURTHER ORDERED that Raymond Carney make timely submissions to the Commission:

      A.     One year after entry of this Order, Raymond Carney must submit a compliance report, sworn under penalty of perjury.

           1.     Raymond Carney must:  (a) identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission and Plaintiff may use to communicate with him; (b) identify all of Raymond Carney's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including the goods and services offered, the means

of advertising, marketing, and sales, and the involvement of any other Defendant (which Raymond Carney must describe if he knows or should know due to his own involvement); (d) describe in detail whether and how Raymond Carney is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgement obtained pursuant to this Order, unless previously submitted to the Commission.

2. Additionally, Raymond Carney must: (a) identify all telephone numbers and all physical, postal, email and Internet addresses, including all residences; (b) identify all business activities, including any business for which Raymond Carney performs services whether as an employee or otherwise and any entity in which he has any ownership interest; and (c) describe in detail such Raymond Carney's involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership.

B. For 10 years after entry of this Order, Raymond Carney must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

1. Raymond Carney must report any change in: (a) any designated point of contact; or (b) the structure of any Corporate Defendant or any entity that he has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

2. Additionally, Raymond Carney must report any change in: (a) name,

including aliases or fictitious name, or residence address; or (b) title or role in any business activity, including any business for which Raymond Carney performs services whether as an employee or otherwise and any entity in which Raymond Carney has any ownership interest, and identify the name, physical address, and any Internet address of the business or entity.

C. Raymond Carney must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against him within 14 days of its filing.

D. Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on: \_\_\_\_\_" and supplying the date, signatory's full name, title (if applicable), and signature.

E. Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The subject line must begin: FTC v. Environmental Safety International, Inc., Matter Number 1823201.

## VII.   RECORDKEEPING

IT IS FURTHER ORDERED that Raymond Carney must create certain records for 10 years after entry of the Order, and retain each such record for 5 years. Specifically, Raymond

Carney for any business that he, individually or collectively with any other Defendants, is a majority owner or controls directly or indirectly, must create and retain the following records:

    A.    accounting records showing the revenues from all goods or services sold;

    B.    personnel records showing, for each person providing services, whether as an employee or otherwise, that person's: name; addresses; telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination;

    C.    records of all consumer complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response;

    D.    records of all telephone calls dialed by any Defendant or dialed on behalf of any Defendant or his businesses by their vendors, contractors, or telecommunications providers, including for each call: (1) the number called; (2) the caller ID number displayed; (3) the time and date of the call; (4) the duration of the call; and (5) any telephone number or IP address to which the call was forwarded or transferred;

    E.    all records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission;

    F.    a copy of each unique advertisement or other marketing material; and

    G.    a copy of each unique invoice or collection notice sent to a consumer.

## VIII.  COMPLIANCE MONITORING

IT IS FURTHER ORDERED that, for the purpose of monitoring Raymond Carney's compliance with this Order, including the financial representations upon which part of the judgment was suspended and any failure to transfer any assets as required by this Order:

    A.    Within 14 days of receipt of a written request from a representative of the

Commission or Plaintiff, Raymond Carney must submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying.   The Commission and Plaintiff are also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

      B.      For matters concerning this Order, the Commission and Plaintiff are authorized to communicate directly with Raymond Carney.   Raymond Carney must permit representatives of the Commission and Plaintiff to interview any employee or other person affiliated with any Defendant who has agreed to such an interview.   The person interviewed may have counsel present.

      C.      The Commission and Plaintiff may use all other lawful means, including posing, through its representatives as consumers, suppliers, or other individuals or entities, to Raymond Carney or any individual or entity affiliated with him, without the necessity of identification or prior notice.   Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

      D.      Upon written request from a representative of the Commission or Plaintiff, any consumer reporting agency must furnish consumer reports concerning Raymond Carney, pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(a)(1).

## IX. RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

SO ORDERED this  15th  day of  July , 2021.

_____
Hon. Madeline Cox Arleo
UNITED STATES DISTRICT JUDGE

**SO STIPULATED AND AGREED:**

**FOR PLAINTIFF:**

**THE UNITED STATES OF AMERICA**

BRIAN M. BOYNTON
Acting Assistant Attorney General
Civil Division

ARUN G. RAO
Deputy Assistant Attorney General

GUSTAV W. EYLER
Director
Consumer Protection Branch

LISA K. HSIAO
Assistant Director

By: *s/ Zachary L. Cowan*

Zachary L. Cowan
Trial Attorney
Consumer Protection Branch
U.S. Department of Justice
P.O. Box 386
Washington, DC 20044
(202) 598-7566
Zachary.L.Cowan@usdoj.gov

**FEDERAL TRADE COMMISSION**

*Amy C. Hocevar*

Amy C. Hocevar, OH # 0075510
Christian M. Capece, WV # 10717
Derek E. Diaz, OH # 0069755
Fil M. de Banate, OH #0086039
Telephone: (216) 263-3409 (Hocevar)
Telephone: (216) 263-3419 (Capece)
Telephone: (216) 263-3421 (Diaz)
Telephone: (216) 263-3413 (de Banate)
Facsimile: (216) 263-3426
ahocever@ftc.gov
ccapece@ftc.gov
ddiaz@ftc.gov
fdebanate@ftc.gov

**DEFENDANT RAYMOND CARNEY:**

_____  Date: 3/9/21
RAYMOND CARNEY



15